DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Beau Kepler appeals, pro se, from the decision of the Summit County Court of Common Pleas affirming Kepler's appeal from the decision of the Akron Housing Appeals Board to raze a structure owned by Kepler. We affirm.
On October 5, 1995, Kepler and his business partner, Dale Pizer, purchased a structure located at 40 Kent Street in Akron, Ohio. When they purchased the structure, there were existing violations of the Akron Housing Code present. The Akron Department of Public Health ordered Kepler and Pizer to repair the property and comply with the housing code; however, several months later, there were still many housing code violations on the premises. Kepler and Pizer were notified of a hearing before the Akron Housing Appeals Board ("the Board") to be held on October 15, 1996. Neither Kepler nor Pizer appeared, though Kepler asserts that he did not know that he or Pizer should have been at the hearing. After the hearing the Board declared the structure a public nuisance and ordered it razed. Kepler appealed to the Summit County Court of Common Pleas. The trial court affirmed the decision and order of the Board, finding that competent, credible evidence supported the Board's findings. This appeal followed.
Kepler asserts four assignments of error. These assignments of error are actually statements of fact that Kepler disputes. However, we are unable to address Kepler's assignments of error because his brief fails to conform with the Appellate Rules.
First, Kepler's brief contains no legal argument or reference to any statutes or cases. An appellant's brief is required to contain a section devoted to argument and law, "with citations to the authorities, statutes, and parts of the record on which the appellant relies." App.R. 16(A)(7); Loc.R. 13(6). "This court may summarily reject an appeal where the appellant fails to properly brief and argue his assignments of error in the manner required by the Appellate Rules." Akron v. Adams (Oct. 29, 1997), Summit App. No. 18389, unreported, at 3.
Second, Kepler's brief is devoid of references to the record. "[T]his court `may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based[.]' App.R. 12(A)(2)." Id.
Third, Kepler did not attach the trial court's order to his brief. Under Loc.R. 13(8)(A) and (B), an appellant's brief must contain an appendix that includes a legibly reproduced copy of the judgment entry or opinion of the trial court. In fact, Kepler's brief contains no appendix at all.
Due to these deficiencies, we are unable to find any error committed by the trial court. Accordingly, the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
SLABY, P. J.
QUILLIN, J., J.
CONCUR.
APPEARANCES: